Gonzales v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00550-CR







Donaciano Gonzales, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 94-154, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING








 A jury found appellant, Donaciano Gonzales, guilty of attempted murder. 
Punishment was assessed at twenty years' imprisonment and a $10,000 fine. See Tex. Penal Code
Ann. §§ 15.01, 19.02 (West 1994). In two points of error, appellant contends that the trial court
erred in (1) omitting from the punishment charge an instruction as to the State's burden on
extraneous offenses, and (2) permitting the State to question appellant about his post-custodial
silence. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 Appellant was convicted of attempted murder of his estranged wife, Becky
Gonzales. Ms. Gonzales testified that on June 15, 1994, she was sitting on the passenger side of
a pick-up truck when appellant approached the passenger side window. Angry because he thought
his wife was having an affair, appellant drew a pistol and shot Ms. Gonzales twice in the head. 
Appellant threw the pistol out of his vehicle as he drove away from the scene. A jury found
appellant guilty of attempted murder.

 At the punishment phase of appellant's trial, evidence was introduced regarding
extraneous offenses of aggravated assault and possession of a controlled substance. In the
punishment charge read and submitted to the jury, the trial court failed to instruct the jury not to
consider these prior offenses in assessing punishment unless it found beyond a reasonable doubt
that appellant was the same person identified in these judgments. Appellant did not object to this
omission. The jury assessed punishment at twenty years' imprisonment and a $10,000 fine.


DISCUSSION


 In his first point of error, appellant contends the district court erred by failing to
instruct the jury not to consider the unadjudicated offenses in assessing punishment unless it found
beyond a reasonable doubt that appellant committed them. Article 37.07, section 3(a) of the
Texas Code of Criminal Procedure provides that unadjudicated offense evidence must be shown
beyond a reasonable doubt to have been committed by the defendant. See Act of May 29, 1993,
73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759 (Tex. Code Crim. Proc.
Ann. art. 37.07. § 3(a), since amended). Article 37.07, section 3(b) requires the trial court to
give such additional instructions at the punishment phase of trial as may be necessary. See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(b) (West 1981). The court of criminal appeals recently
held that if the defendant so requests, the trial court must instruct the jury not to consider
extraneous offense evidence unless it believes beyond a reasonable doubt that the defendant
committed the extraneous offense. Mitchell v. State, No. 0300-95, slip op. at 7 (Tex. Crim. App.
October 2, 1996).

 Unlike Mitchell, appellant here did not request a jury instruction on the State's
burden on extraneous offenses, nor did he object to the district court's failure to submit such an
instruction. See id. slip op. at 1-2. We express no opinion whether the district court would have
been obligated to give a burden of proof instruction absent appellant's request or objection. See
Tex. Code Crim. Proc. Ann. arts. 36.14, 36.15 (West Supp. 1997). Appellant refers us to no
opinion holding that the district court is required to give such an instruction in the absence of a
proper request by the defendant. Even assuming, however, that the trial court's failure to give
such an instruction was error, appellant has not met his burden of demonstrating that the absence
of the instruction was so egregiously harmful that he was denied a fair and impartial trial. See
Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986); Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (opinion on rehearing); see also Mitchell, slip op. at 8
(remanding the case to the court of appeals to conduct a harm analysis of the trial court's denial
of defendant's requested instruction).

 Appellant states that the failure of the trial court to instruct the jury harmed
appellant as a matter of law. Almanza requires, however, a showing of actualnot just
theoreticalharm to the accused. 686 S.W.2d at 174. At trial, appellant did not contest the
evidence of unadjudicated offenses. Additionally, on appeal appellant does not contend the
evidence produced at the punishment stage was insufficient to prove beyond a reasonable doubt
that he committed the unadjudicated offenses. We see no reason to think that the jury, had it been
instructed as appellant contends it should have been, would have assessed a less onerous
punishment.

 Assuming without deciding that the district court was required, in the absence of
a proper request, to instruct the jury on the burden of proof required by article 37.07, section 3(a)
for extraneous offenses evidence, we hold that appellant has failed to show that the omission in
the present case denied him a fair trial. We overrule point of error one.

 In his second point of error, appellant contends that the district court committed
error in permitting the State to question appellant concerning his post-custodial silence. During
the guilt/innocence phase of the trial, appellant was cross-examined concerning his disposing of
the gun used in the offense. The following exchange ensued:



Q. (By State) Did you tell anybody where you threw the pistol?


A. (By appellant) I just told you. That's it.


Q. Did you tell [Deputy] Hanna? (1)


A. No sir.

 


 Appellant claims that the State's questioning amounts to an attempt by the State to
impeach appellant with his post-custodial silence in violation of his due process rights. See Doyle
v. Ohio, 426 U.S. 610 (1976); Miranda v. Arizona, 384 U.S. 436 (1966); Sanchez v. State, 707
S.W.2d 575, 580 (Tex. Crim. App. 1986). We conclude that appellant's statement is ambiguous
and does not necessarily show an attempt by the State to impeach appellant on invoking his right
to silence. The record is completely silent regarding Miranda warnings and any invocation of the
right to silence by appellant. Given the ambiguity of the prosecutor's question, we think it is
unlikely that the jury interpreted this line of questioning as asking for evidence of appellant's
invocation of his right to remain silent. Even if it did, however, we have no hesitancy in
concluding beyond a reasonable doubt that the error, if any, made no contribution to the
conviction or punishment. See Tex. R. App. P. 81(b)(2).

 It seems to us unimaginable that the complained-of question and answer had any
impact on the jury's decision-making process. Testifying in his own behalf at trial, appellant
admitted shooting his wife two times with a pistol at close range in front of his children and
mother-in-law. Appellant then admitted to throwing the pistol from his vehicle upon leaving the
scene of the shooting. Throughout the trial, appellant's defense was that he shot his wife during
an "uncontrollable impulse" resulting from his wife's alleged marital infidelity. This defense was
not designed to persuade the jury of appellant's innocence, but rather to convince the jury that he
should be convicted of the lesser included offense of attempted voluntary manslaughter or
attempted aggravated assault. See Tex. Penal Code Ann. §§ 19.04, 22.02 (West 1994). In the
words of appellant's trial counsel during jury argument at the guilt/innocence phase, "Yeah, he's
guilty. He did it. But not of what the State wants you to convict. He's guilty [only of a lesser
included offense]." For its part, the State did not even mention appellant's supposed post-custodial silence during argument at the guilt/innocence phase.

 Assuming without deciding that appellant's due process right not to be impeached
by his post-custodial silence was violated by the State's question, we conclude beyond a
reasonable doubt that the error made no contribution to the conviction or punishment. See Tex.
R. App. P. 81(b)(2); Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). We
overrule point of error two.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Powers and Jones

Affirmed

Filed: December 12, 1996

Do Not Publish

1. Deputy Hanna was the officer who investigated the scene of the shooting, but was
not the arresting officer.


 the omission in
the present case denied him a fair trial. We overrule point of error one.

 In his second point of error, appellant contends that the district court committed
error in permitting the State to question appellant concerning his post-custodial silence. During
the guilt/innocence phase of the trial, appellant was cross-examined concerning his disposing of
the gun used in the offense. The following exchange ensued:



Q. (By State) Did you tell anybody where you threw the pistol?


A. (By appellant) I just told you. That's it.


Q. Did you tell [Deputy] Hanna? (1)


A. No sir.

 


 Appellant claims that the State's questioning amounts to an attempt by the State to
impeach appellant with his post-custodial silence in violation of his due process rights. See Doyle
v. Ohio, 426 U.S. 610 (1976); Miranda v. Arizona, 384 U.S. 436 (1966); Sanchez v. State, 707
S.W.2d 575, 580 (Tex. Crim. App. 1986). We conclude that appellant's statement is ambiguous
and does not necessarily show an attempt by the State to impeach appellant on invoking his right
to silence. The record is completely silent regarding Miranda warnings and any invocation of the
right to silence by appellant. Given the ambiguity of the prosecutor's question, we think it is
unlikely that the jury interpreted this line of questioning as asking for evidence of appellant's
invocation of his right to remain silent. Even if it did, however, we have no hesitancy in
concluding beyond a reasonable doubt that the error, if any, made no contribution to the
conviction or punishment. See Tex. R. App. P. 81(b)(2).

 It seems to us unimaginable that the complained-of question and answer had any
impact on the jury's decision-making process. Testifying in his own behalf at trial, appellant
admitted shooting his wife two times with a pistol at close range in front of his children and
mother-in-law. Appellant then admitted to throwing the pistol from his vehicle upon leaving the
scene of the shooting. Throughout the trial, appellant's defense was that he shot his wife d